IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY L. NICHOLS,

        Plaintiff,

v.                                      No. CIV 02-0107 BB/DJS

JUSTIN DANLEY, PETE K. RAHN,
MOHAMMED H. MOABED and DANIEL
K. FOLEY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendants' "Motion to Dismiss or in the Alternative for Summary Judgment" (Doc. 50). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be DENIED.

## I.
## FACTS AND PROCEDURAL HISTORY

In this action brought under 42 U.S.C. § 1983 and New Mexico state tort law, Plaintiff Terry L. Nichols alleges, *inter alia*, that Defendants Pete K. Rahn and Mohammed H. Moabed violated his rights under the equal protection clause of the Fourteenth Amendment. During the relevant time period, Rahn was Secretary of the New Mexico State Highway and Transportation Department ("NMSHTD"), Moabed was the NMSHTD Engineer for District II, and Nichols was a supervisory employee in that district. Nichols bases his claim on allegations that Rahn and

Moabed treated him differently than other employees when they fired him for getting into a physical altercation with a subcontractor (Doc. 1).

After receiving notice of his termination, Nichols filed an administrative appeal with the State Personnel Board ("SPB"). There, he successfully argued that the Department's decision was not supported by just cause based on its failure to follow internal guidelines for progressive discipline and its past treatment of employees who engaged in similar misconduct. Finding that Nichols should have been suspended rather than terminated, the SPB ordered the Department to reinstate him. The Department failed to convince the state district court to reverse this order, and Nichols was reinstated to his former position.

Rahn and Moabed contend that Nichols litigated, or could have litigated, the issues and claims in this case in the state proceedings. As a result, they assert that he is barred from proceeding with this case under the related doctrines of collateral estoppel and res judicata.

## II.
## STANDARD OF REVIEW

Application of the preclusion doctrines in this case turns on information contained in the complaint and documents appropriately subject to judicial notice. See St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that federal courts may take notice of proceedings in other courts, both within and outside of the federal judicial system). The Court therefore analyzes Defendants' motion as a 12(b)(6) motion to dismiss. Gass v. United States, 4 Fed. Appx. 565, 567, 2001 U.S. App. LEXIS 1513, **4 (10th Cir. 2001) (citing Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)). As such, it will only be granted if "it appears beyond doubt that [Nichols] can prove no set of facts in support of his claim that would

2

entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). To satisfy this standard under New Mexico law,[1] Defendants must show "with clarity and certainty" that the elements of either res judicata or collateral estoppel are satisfied. State *ex rel.* Martinez v. Kerr-McGee Corp., 898 P.2d 1256, 1260 (N.M. Ct. App. 1995).

## III.
## DISCUSSION

**A.     Res Judicata**

Defendants first argue that, having failed to raise his equal protection claim in the state litigation, Nichols is barred by res judicata from pursuing it as a separate cause of action before this Court. Res judicata precludes a party from litigating claims that were, or could have been, advanced against a party in an earlier proceeding. Kerr-McGee, 898 P.2d at 1259. Although Rahn and Moabed were not parties to the state litigation, they invoke the doctrine based on the fact that the NMSHTD's only interest in that case arose from its position as their employer. The application of res judicata under such circumstances is governed by § 51 of the Restatement (Second) of Judgments. Ford v. New Mexico Dept. of Pub. Safety, 891 P.2d 546, 550 (N.M. Ct. App. 1994). Pursuant to § 51(2), where two parties have a relationship such that one is vicariously liable for the conduct of the other, a judgment against one serves as a cap on the damages calculation for all forms of relief available in that case. Restatement (Second) of Judgments § 51(2) and cmt. d (1982). Stated differently, upon prevailing in an action against a vicariously liable party, a plaintiff is only entitled to pursue a separate claim against the primary

---

[1] Federal courts afford state court judgments the same preclusive effect they would receive under the law of the rendering state. See 28 U.S.C. § 1738; Gonzales v. Hernandez, 175 F.3d 1202, 1204 (10th Cir. 1999). The Court therefore looks to the law of New Mexico to guide its analysis.

obligor for damages that were unavailable in the first proceedings.  See Gonzales, 175 F.3d at 1206-08.

Here, the NMSHTD was the only party to the first case.  As a state agency, it could not be sued under § 1983 in either state or federal court.  Doe v. Leach, 988 P.2d 1252, 1255 (N.M. Ct. App. 1999); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).[2]  Moreover, sovereign immunity prevents wrongfully discharged employees from pursuing relief from New Mexico state agencies other than reinstatement and back pay unless they have an actionable claim under the New Mexico Human Rights Act or the New Mexico Tort Claims Act.  See New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -27 (2002); New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-1 to -15 (2002); N.M. Stat. Ann. § 10-9-18(F) (2002) (detailing forms of relief available pursuant to SPB proceedings).  Since appealing his termination through the SPB procedure thus provided the only relief available against the NMSHTD in state court, Nichols is entitled to go forward with his equal protection claim against Defendants Rahn and Moabed for the purpose of recovering the full range of damages available under § 1983.  The reinstatement order affirmed by the state district court is, however, binding with regard to the terms of his reinstatement and the calculation of back pay he was entitled receive.

**B.	Collateral Estoppel**

Defendants next argue that Nichols is collaterally estopped from establishing disparate treatment, an essential element of his equal protection claim.  See Willowbrook v. Olech, 528

---

[2]In support of their motion, Defendants rely heavily on Strickland v. City of Albuquerque, 130 F.3d 1408 (10th Cir. 1997).  Such reliance is, however, inappropriate since a municipality such as Albuquerque can be sued under § 1983.  Compare Will, 491 U.S. at 71 with Monell v. Department of Social Servs., 436 U.S. 658, 663 (1978).

U.S. 562, 564-66 (2000).  While res judicata addresses the relitigation of claims, collateral estoppel bars the relitigation of issues raised and decided in a prior adjudication.  Silva v. State, 745 P.2d 380, 382 (N.M. 1987).  Here, Defendants attempt to invoke the doctrine on the grounds that the state district court reversed the SPB's finding that Nichols was treated different than other NMSHTD employees.

This argument is unavailing for two reasons.  First, Nichols prevailed in the state court action, rendering the relevant portion of the state court opinion dicta.  Since collateral estoppel only bars the relitigation of issues *necessarily* decided in prior litigation, Kerr-McGee Corp., 898 P.2d at 1260, such language cannot be afforded preclusive effect.  See Restatement (Second) of Judgments § 27 cmt. h (1982).  Second, the opinion actually suggests that at least one other employee was afforded more lenient treatment than Nichols.  Under such circumstances, the doctrine is clearly inapplicable.  See generally Standefer v. United States, 447 U.S. 10, 22-23 n.17 (1980) (declining to apply collateral estoppel where the earlier case included inconsistent determinations of an issue).

## IV.
## CONCLUSION

The Court therefore finds that (1) the litigation in state court against the NMSHTD only bars Nichols from altering the terms of the order reinstating him, and (2) he remains free to litigate the issue of disparate treatment in this case.

**ORDER**

**WHEREFORE**,

**IT IS ORDERED** that Defendants' motion to dismiss or for summary judgment (Doc. 50) be **DENIED**.

**DATED** at Albuquerque this 12th day of May, 2003.

_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

For Plaintiff:

    Steven K. Sanders, Albuquerque, N.M.

For Defendants:

    Timothy S. Hale and Myra F. Moldenhauer, Albuquerque, N.M.